IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA HALL, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-4603 |
| | § | |
| ALDINE INDEPENDENT SCHOOL DISTRICT, | § | |
|     Defendant | § | |

EXHIBIT A
TO DEFENDANT'S NOTICE OF REMOVAL

## INDEX OF MATTERS BEING FILED

A-1    State Court Notice of Filing of Removal

A-2    Executed Process

A-3    Docket Sheet from the 295th District Court of Harris County, Texas

A-4    Pleadings asserting causes of action and all answers to such pleadings (Plaintiff's Original Petition)

A-5    Orders signed by the Honorable Donna Roth, Judge, 295th District Court of Harris County, Texas (None)

A-6    List of Counsel of Record

# EXHIBIT A-1

No. 2018-87684

| | | |
|---|---|---|
| ANGELA HALL, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| ALDINE INDEPENDENT SCHOOL DISTRICT, | § § | |
| Defendant | § | 295th JUDICIAL DISTRICT |

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT on November 22, 2019, Defendant Aldine Independent School District ("AISD" and/or the "District") filed a notice of removal pursuant to 28 USC §§ 1331, 1441(a), and 1446, and in accordance with Federal Rule of Civil Procedure 81(c) and Local Rule 81, removing this action from the 295th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

PLEASE TAKE FURTHER NOTICE THAT upon the filing of the Notice of Removal with the clerk of the United States District Court for the Southern District of Texas, Houston Division, and the filing of copies thereof with the clerk of the District Courts of Harris County, Texas, AISD has effected removal and the 295th District Court will proceed no further in this action unless and until the case is remanded pursuant to 28 USC § 1446(d).

Respectfully submitted,

KARCZEWSKI | BRADSHAW | SPALDING

_____
C. CORY RUSH
State Bar No. 24074989
crush@kbslawgroup.com
MILES T. BRADSHAW
State Bar No. 02837450
mbradshaw@kbslawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: 713-993-7060
Facsimile: 888-726-8374

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I certify that on the 25th day of November 2019, I electronically filed the foregoing document with the Clerk of Court using the Texas E-filing system and served on all counsel of record a true and correct copy of the same *via* Certified Mail, Return Receipt Requested, and addressed as follows:

Mr. Chukwudi Egbuonu
4141 Southwest Freeway, Suite 425
Houston, Texas 77027
chuck@celawoffice.com
(Counsel for Plaintiff)

_____
C. Cory Rush

# EXHIBIT A-2

CAUSE NO. 201687684

RECEIPT NO. 0.00 ATY
********** TR # 73571466

PLAINTIFF: HALL, ANGELA
vs.
DEFENDANT: ALDINE INDEPENDENT SCHOOL DISTRICT

In The 295th
Judicial District Court
of Harris County, Texas
295TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

RECEIVED
NOV 04 2019
LEGAL DEPT.

TO: ALDINE INDEPENDENT SCHOOL DISTRICT BY SERVING ITS SUPERINTENDENT
DR LATONYA GOFFNEY
2520 W W THORNE BLVD   HOUSTON TX 77073
Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 10th day of December, 2018, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 11th day of December, 2018, under my hand and seal of said Court.

Issued at request of:
EGBUONU, CHUKWUDI IFEANYI
4141 SOUTHWEST FREEWAY, SUITE 425
HOUSTON, TX 77027
Tel: (713) 635-9488
Bar No.: 24081838

*Chris Daniel*
CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CUERO, NELSON 7MM//11116433

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.
Executed at (address) _____ in
_____ County at _____ o'clock ___.M., on the _____ day of _____,
_____, by delivering to _____ defendant, in person, a true copy of this Citation together with the accompanying _____ copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____ of _____ County, Texas

_____     By _____
Affiant                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITR.P           *73571466*

EXHIBIT A-3

# 2018-87684



**COURT:** 295th
**FILED DATE:** 12/10/2018
**CASE TYPE:** Discrimination

## HALL, ANGELA

Attorney: EGBUONU, CHUKWUDI IFEANYI

vs.

## ALDINE INDEPENDENT SCHOOL DISTRICT

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

# EXHIBIT A-4

12/10/2018 4:43 PM
Chris Daniel - District Clerk Harris County
Envelope No. 29634835
By: Nelson Cuero
Filed: 12/10/2018 4:43 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ANGELA HALL, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ALDINE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF ANGELA HALL'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Angela Hall ("Hall" or "Plaintiff"), and files her Original Petition, complaining of Aldine Independent School District ("AISD" or "Defendant") and for cause of action would respectfully show this Honorable Court as follows:

## DISCOVERY CONTROL PLAN

1. Discovery in this case should be conducted in accordance with a discovery control plan under Texas Rule of Civil Procedure 190.3 (Level 2).

## PARTIES

2. Plaintiff Angela Hall is an African-American female who is an adult resident of Harris County, Texas. Hall is a current employee of Defendant. She has worked for Defendant in various school facilities.

3. Defendant Aldine Independent School District is a school district system in the State of Texas. Defendant Aldine School District is a governmental entity as defined by the Texas Education Code and required to comply with the Texas Labor Code. Defendant Aldine Independent School District has its principal place of business in Houston, Harris County, Texas

1

and may be served by serving its Superintendent, Dr. LaTonya Goffney, at 2520 W.W. Thorne Blvd., Houston, Texas 77073.

4. Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

5. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Texas Labor Code. Defendant is an employer engaging in an industry affecting interstate commerce, and employs more than 50 regular employees.

6. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting with the consent, permission, and authorization of each remaining defendant. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

**JURISDICTION & VENUE**

7. Venue is appropriate in Harris County, Texas, because a substantial part of the events or omissions giving rise to the matter in controversy before the court occurred in Harris County, Texas. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

8. Jurisdiction is also appropriate since this action was filed on or before two years from the date Plaintiff filed his complaint with the Texas Commission on Human Rights.

## TIMELINESS

9. Plaintiff brought this suit within sixty (60) days from the date of receipt of Texas Commission on Human Rights issuance of the Notice of Right to File a Civil Action.

10. Plaintiff filed Plaintiff's lawsuit within two years of the date Plaintiff filed his Charge of Discrimination.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES & CONDITIONS PRECEDENT

11. Plaintiff has completed all administrative conditions precedent, since Plaintiff filed her charge of discrimination (EEOC Charge No. 460-2017-02900) within 180 days of the date Plaintiff learned of the adverse employment action.

12. Jurisdiction is also appropriate since this action was filed on or before two years from the date Plaintiff filed her complaint with the Texas Commission on Human Rights.

## FACTS

13. Hall (African American) began working for Defendant in approximately 2004 as a substitute teacher. Through Hall's hard work and dedication to her craft, she became a full-time teacher in the beginning of the 2007-2008 school year and the Campus International Baccalaureate ("IB") Coordinator at Eisenhower Ninth School in the beginning of the 2013-2014 school year.

14. As an IB Coordinator, Hall and the other IB Coordinators were tasked with, among other things, creating the curriculum that will be used on their respective campus, training teachers about the IB program and its requirements, helping teachers implement curriculum for their IB students, and overseeing and managing funds for the IB program at their respective campus. Hall and other IB Coordinators were further tasked with marketing the IB program to students, finding and providing outside programs suitable for the IB curriculum, and working

3

with students on their units and projects. It is important to note that Campus IB Coordinators do not teach any classes; instead they are responsible for designing the program and helping teachers as the teachers implement IB curriculum in their classrooms. Hall and her counterparts also managed funds and traveled to conferences and training sessions, answered questions, and generally oversaw the IB program across AISD.

15. Defendant compensates its educator employees through yearly employment contracts. Contract compensation varies depending on the position and experience; however, each contract is based on a certain number of contract days. These contract days based on the position duties. In addition to contract pay, some position – like the IB Coordinator position – are given stipends. Stipends are paid outside of the employment contract and are paid to teachers who teach in certain critical needs areas or to teachers whose positions involve additional work.

16. In September 2016, Hall discovered that she was being paid a stipend less than her non-African American counterparts, Bobby Mansour (Caucasian), Peggy Tomme (Caucasian), and Tracey Collins (Caucasian). Specifically, Hall was receiving a $3,500.00 stipend in comparison to her non-African American counterparts who received a $5,000.00 stipend for identical work. Hall further discovered that Mansour and Collins were being paid for an increased amount of "contract days" (192 days) per school year in comparison to Hall's 187 contract days.

17. Following Hall's discovery of Defendant's disparate compensation practices, Hall raised complaints of discrimination in various ways. First, she wrote the Selina Chapa, Assistant Superintendent for Human Resources, and Archie Blanson, Deputy Superintendent. Then Hall filed an EEOC charge on May 11, 2017.

4

18. After receiving notice of Hall's discrimination complaint, Defendant moved quickly to make Hall's situation even more difficult. Defendant has threatened Hall with termination of her employment contract. And, in this academic setting where titles and position are so very important, Defendant has publicly referred to Hall, not by her assigned title of IB Coordinator but as a regular classroom educator. Defendant's actions send a very strong message that she was demoted from her more prestigious role of IB Coordinator.

19. Additionally, following Hall's return from protected FMLA, Defendant refused to reinstate her into her same pre-FMLA leave position or a similar role at her campus. In fact, Defendant replaced Hall with a non-African American counterpart and informed her that her contract would be modified and she would return solely as a classroom educator.

20. None of this mistreatment makes any sense given Hall's record but, then again, discrimination and retaliation is by its very nature irrational. If Defendant could see beyond race, he would have treated Hall with respect rather than disdain. Defendant would have treated her as a professional colleague rather than a pariah. But, as it stands now, he has stripped away her responsibilities over time and has them to a non-African American who they are paying more than Hall. The discrimination and retaliation could hardly be clearer.

**CAUSE OF ACTION**

**I.**
*Race Discrimination under TCHRA and Title VII*

21. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

22. By discriminating against Plaintiff, Defendant violated the prohibitions against race discrimination as found in Chapter 21 of the Texas Labor Code, the Texas Commission on Human Rights Act ("TCHRA, and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

5

23. Plaintiff was within the TCHRA and Title VII's protected class; i.e., she is African American and was discriminated against due to her race.

24. Plaintiff was treated less favorably when compared to non-African American employees.

25. Additionally, the aforementioned discrimination was done with malice or with reckless disregard for the protected rights of the Plaintiff.

## II.
### *Retaliation under TCHRA and Title VII*

26. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

27. Section 21.055 of the Texas Labor Code and Title VII, both, provides that an employer commits an unlawful employment practice if it retaliates or discriminates against a person who opposed a discriminatory practice or files a complaint.

28. An unlawful employment practice occurred in this instance because Defendant retaliated and discriminated against Plaintiff for opposing race discrimination.

## III.
### *Retaliation and Interference under FMLA*

29. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

30. Based on the above facts, Defendant violated the Family and Medical Leave Act ("FMLA") and retaliated against Plaintiff for engaging in a protected activity in taking FMLA leave.

31. Based on the above facts, Defendant violated the FMLA when it denied and interfered with Plaintiff's entitlement to her FMLA benefit.

## DAMAGES

32. As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among coworkers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## ATTORNEYS FEES

33. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the LAW OFFICE OF CHUKWUDI EGBUONU, 4141 Southwest Freeway, Suite 425, Houston, Texas 77027 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## JURY DEMAND

34. Plaintiff hereby makes a request for a jury trial in this cause.

## PRAYER

WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

a. Declare Defendant's conduct in violation of Plaintiff's rights;

b. Enjoin the Defendant from engaging in such conduct;

c. Award Plaintiff actual damages;

d. Order Defendant to pay Plaintiff back pay and front pay and benefits;

e. Award Plaintiff compensatory damages for mental anguish;

f. Award Plaintiff punitive damages to be determined by the trier of fact;

g. Award Plaintiff liquidated damages.

7

Respectfully submitted,

LAW OFFICE OF CHUKWUDI EGBUONU

/s/ Chukwudi Egbuonu
Chukwudi Egbuonu
State Bar No. 24081838
4141 Southwest Freeway, Suite 425
Houston, Texas 77027
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

8

# EXHIBIT A-5

There have been no orders entered by the state court judge.

# EXHIBIT A-6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA HALL, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-4603 |
| | § | |
| ALDINE INDEPENDENT SCHOOL DISTRICT, | § | |
|     Defendant | § | |

## LIST OF COUNSEL OF RECORD

As required under Local Rule 81, the following is a list of the counsel of record.

1. Plaintiff Angela Hall's Counsel:

   Chukwudi Egbuonu
   4141 Southwest Freeway, Suite 425
   Houston, Texas 77027
   Telephone: (713) 635-9488
   Facsimile: (832) 426-5792
   Email: chuck@celawoffice.com

2. Defendant Aldine ISD's Counsel:

   R. Cory Rush
   Miles T. Bradshaw
   KARCZEWSKI | BRADSHAW | SPALDING
   3700 Buffalo Speedway, Suite 560
   Houston, Texas 77098
   Telephone: 713-993-7060
   Facsimile: 888-726-8374
   Email: crush@kbslawgroup.com
          mbradshaw@kbslawgroup.com